IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| MICHAEL EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:15-cv-00014 |
| v. | ) | No. 1:15-cv-00016 |
| | ) | |
| BEN KILLINGSWORTH, et al., | ) | Senior Judge Haynes |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

Plaintiff, Michael Edwards, an inmate in the South Central Correctional Facility in Clifton, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Ben Killingsworth, Doreen G. Trafton, Joel Foster, Arvil Chapman, Byron Ponds, and Junica McElroy. Plaintiff's claims are that the alleged actions and inactions by Defendants arising out of an alleged assault upon him, in violation of his rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment as well as his right to be free from cruel and unusual punishment under the Eighth Amendment.

In his Statement of Facts in Case No. 1:15-00016, Docket Entry No. 2, Plaintiff alleges that on November 9, 2014, his cell-mate physically assaulted him. Plaintiff alleges that the assault caused severe bruising to his face and head for which he was taken to the hospital for treatment. Shortly after the assault, Plaintiff alleges that several other inmates entered his sell and stole his property. Plaintiff's cellmate denied the assault and reported that Plaintiff's injuries were caused by Plaintiff's falling from the top bunk while having a seizure. Plaintiff alleges that prison officials mishandled the investigation into the assault and theft, in part by failing to review

the surveillance video. Plaintiff alleges that Defendant Trafton, who escorted him to the medical unit for treatment, "neglected to investigate" and simply accepted Plaintiff's cellmate's version of the incident, but he acknowledges that Trafton got approval from Defendants Chapman and Foster for both inmates to be segregated in protective custody pending investigation ("PCI") for possible fighting.

Plaintiff alleges that Defendant Killingsworth, his unit manager interviewed him about the incident in the prison hospital on the next day, November 10, 2014. Plaintiff alleges that on November 19, 2014, he was told that he was being released from PCI and returned to the general population, without any explanation of the outcome of the investigation, that Plaintiff alleges establishes that Killingsworth also failed to investigate the incident properly. Plaintiff further alleges that in response to his prison grievance about the investigation, Plaintiff was told that Killingsworth had investigated the incident and reported to the prison's senior security officer, Defendant Foster, that Plaintiff and his cell-mate had been in an altercation, but Plaintiff could now be returned to the general population. Defendant Ponds, the prison internal affairs officer also met with Plaintiff and ultimately reported that his claim could not be verified. (No. 1:15-00016, Docket Entry No. 2 at 9–10, 24.) Plaintiff alleges that Ponds did not conduct a proper investigation, and that Defendant Chapman (the warden), and Defendant Foster (the senior security officer), "neglected to make sure that a proper investigation were [sic] conducted."

Plaintiff alleges that no one was prosecuted or punished for this assault or theft. Plaintiff alleges that he is "in fear of life threatening," but does not allege that anyone has actually threatened him or provided the substance of any such threats. Plaintiff has refused to return to the general population and requested to be held in segregation. Plaintiff alleges that because of

his refusal to return to the general population, Plaintiff is receiving disciplinary write-ups and being held in punitive segregation, that costs him $4 per write-up and negatively affects his ability to earn behavior credits, his "future classification status and level of comfort," and his package restrictions.

Finally, Plaintiff alleges that his prison grievances arising from the incident and investigation were not handled according to proper procedure. Specifically, Plaintiff alleges that the grievance official, Defendant McElroy, failed to enforce grievance procedures and allowed late responses and no responses to his grievances.

The complaint is before the Court for an initial review pursuant to the PLRA, 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e©. Under the PLRA, the Court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e©. Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). In the Sixth Circuit the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.

at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits.").

To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Plaintiff's claims arising from the alleged mishandling of the internal investigation into his alleged assault and theft do not allege a deprivation of his constitutional rights. Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 411 U.S. 825, 832, 833 (1994). However, "[a] prison official's duty ... is to ensure 'reasonable safety,'" not absolute safety. *Id.* at 844 (citing *Helling v.*

*McKinney*, 509 U.S. 25, 33 (1993)). A prison official may only be held liable under § 1983 for acting with "deliberate indifference" to inmate health or safety, which requires proof that the official knew that the inmate faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *Id.* at 834. "Deliberate indifference" is a higher standard than negligence and requires that the official know of and disregard an excessive risk to inmate health or safety; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harms exists, and he must also draw the inference." *Id.* at 837.

Here, Plaintiff does not allege any facts suggesting that before the assault, any of the Defendants were aware that Plaintiff faced a substantial risk of serious harm or that they had opportunity to prevent the assault and failed to do so. Plaintiff also does not allege any facts substantiating his alleged current fear or otherwise suggesting that he continues to face a substantial risk of serious harm. Plaintiff's claims are focused on the Defendants' alleged failure to investigate the November incident in a manner satisfactory to him and to prosecute or punish the inmate who allegedly attacked him. Throughout his statement of facts, Plaintiff describes the Defendants' failures in this regard as neglect, mishandling, deviation from professional standards and gross negligence.

The Sixth Circuit has affirmed the dismissal of a § 1983 complaint as frivolous where the inmate's claim was that the defendants had failed to charge or punish another inmate who had allegedly raped him. *Napier v. Baron*, 198 F.3d 246, 1999 WL 1045169 (6th Cir. Nov. 9, 1999). As the court explained, "contrary to Napier's belief, he does not have a constitutional right to have a particular person criminally charged and prosecuted." *Id.* at *1; *see also Irons v. Trani*,

No. 06-cv-02254, 2008 WL 821903, at *2, 7 (D. Colo. March 24, 2008) (adopting Report & Recommendation and dismissing claim where Eighth Amendment claim based on prison officials' failure to punish inmate's alleged attacker was without merit); *Cullen v. DuPage Cnty., Illinois*, No. 99 C 1296, 1999 WL 1212570, at *3 (N.D. Ill. Dec. 14, 1999) (holding the lack of disciplinary charges against inmate's alleged assailant "is not a basis for a civil rights action"). The Sixth Circuit went on to find the case was properly dismissed because the plaintiff had "not alleged any facts to indicate that the defendants have engaged in any intentional misconduct, and it is well established that the negligence of government officials cannot form the basis for a § 1983 action." *Id.*

Plaintiff does not have a constitutional right to the punishment of another inmate in the absence of any facts reflecting that the lack of punishment creates a substantial risk of serious harm to Plaintiff. The alleged mishandling and gross negligence by Defendants in investigating the alleged assault and theft does not establish the deliberate indifference necessary to state a claim for an Eighth Amendment violation. Plaintiff's claims arising from the allegedly negligent investigation and failure to punish should be dismissed.

Plaintiff does not allege that any of the Defendants were personally involved in the theft of his property. A random theft by other inmates does not amount to a violation of Plaintiff's constitutional rights or state a claim against the Defendants. *See Pfister v. English*, No. 106-CV-808, 2007 WL 329127, at *4–5 (W.D. Mich. Jan. 31, 2007) (finding no Eighth or Fourteenth Amendment violation arising from alleged damage and theft of inmate's typewriter by other inmates).

As to Plaintiff's claim about his disciplinary write-ups, punitive segregation and

consequential loss of privileges for a procedural due process claim, Plaintiff must allege plausible facts that he had a protected liberty or property interest, and that the defendants deprived him of that interest without due process. *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999). In the prison context, protected liberty interests are limited to freedom from conditions that "impose [ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff's conditions of confinement do not rise to that level. *See Bradley v. Evans*, 229 F.3d 1150, 2000 WL 1277229, at *5–7 (6th Cir. Aug. 23, 2000) (holding that 14 months in administrative segregation was not atypical and significant hardship). Plaintiff's segregation in maximum security for less than four months does not constitute a due process violation even if it prevents him from earning credits to reduce his sentence. *Id.*; *Randolph v. Campbell*, 25 F. App'x 261, 263 (6th Cir. 2001) ("The fact that the administrative segregation placement may have a negative implication on Randolph's opportunity to earn sentence reduction credits . . . is a collateral consequence of Randolph's placement in administrative segregation that is insufficient to create a liberty interest."); *Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir. 1992) (no constitutional right to earn sentence credits). Plaintiff's increased security classification and package restrictions also do not constitute the sort of "atypical and significant hardship" required to state a claim for a violation of procedural due process. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005) (affirming dismissal of claim based on increased security classification); *Graves v. Hodge*, No. 06-2004-M1/V, 2006 WL 485115, at *5 (W.D. Tenn. Feb. 28, 2006) ("restrictions imposed [including one-year package restriction] do not constitute a significant or atypical hardship"); *Ferguson v. Walker*, No. 2:04-CV-397, 2005 WL 1036677, at *2 (E.D. Tenn. May 4, 2005) (punitive segregation,

twelve-month package restriction, increased security level and loss of opportunity to earn sentence credits do not state a due process claim under § 1983). Accordingly, the Court concludes that Plaintiff's due process claim in connection with his punitive segregation status fails to state a claim and should be dismissed.

Plaintiff's next claim is that his punitive segregation violates his Eighth Amendment right to be free from cruel and unusual punishment. The Eighth Amendment prohibits prison officials from denying inmates "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Plaintiff does not allege any conditions extreme enough to deny him basic human needs and requirements, as required to state a claim for an Eighth Amendment violation. "Because placement in segregation is a routine discomfort that is a part of the penalty that criminal offenders pay for their offenses against society, it is insufficient to support an Eighth Amendment Claim." *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (quoting *Murray v. Unknown Evert*, 84 Fed.Appx. 553, 556 (6th Cir. Dec.8, 2003)). Plaintiff's Eighth Amendment claim arising solely from his confinement in punitive segregation should be dismissed for failure to state a claim.

Plaintiff's next claim about the alleged mishandling of his grievances does not implicate a violation of a federal right. Although inmates retain a general right to petition the government for redress of grievances, *Turner v. Safley*, 482 U.S. 78, 84 (1987), they do not have an inherent constitutional right to any particular state-created grievance procedure or even to an effective grievance procedure. *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (affirming dismissal of claim that jail staff ignored grievances because inmate "cannot premise a § 1983 claim on allegations that the jail's grievance procedure was inadequate because there is no inherent constitutional right to an effective prison grievance procedure"). Petitioner's

claim about procedural irregularities in processing or responding to his grievances fails to state a claim for which relief can be granted and will be dismissed.

Finally, Plaintiff's vague repetitive claim that Defendants have discriminated against him is unsupported by specific and plausible facts and without merit. "[V]ague and conclusory allegations of . . . discriminatory conduct are not sufficient to state a claim under § 1983." *McKinley v. Bowlen*, 8 F. App'x 488, at 493 (6th Cir. 2001). Plaintiff's claim of discrimination will therefore be dismissed.

For these reasons, the Court concludes that this action should be dismissed for failure to state a claim for which relief can be granted.

An appropriate Order is filed herewith.

ENTERED this the 28th day of April, 2015.

WILLIAM J. HAYNES, JR.,
Senior United States District Judge